**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  Case No. 8:22-cv-1725-TPB-JSS

NATHANIEL ESALOMI,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on "Defendant's Motion to Dismiss the Complaint," filed on March 27, 2025. (Doc. 53). Plaintiff filed a response in opposition on May 7, 2025. (Doc. 60). The Court heard brief argument on the motion at the case management conference on August 20, 2025. (Doc. 62). Based on the motion, response, argument of counsel, the court file, and the record, the Court finds as follows:

Plaintiff United States of America filed this action against Defendant Nathaniel Esalomi for civil penalties and injunctive relief based on alleged violations of the Controlled Substances Act ("CSA"), 21 U.S.C. §§ 801, *et seq*. The complaint alleges that Defendant, a pharmacist, acted outside the usual course of pharmacy practice and knowingly filled prescriptions for controlled substances with actual knowledge that the prescriptions were issued outside the usual course of

professional practice or not for a legitimate medical purpose, in violation of 21 U.S.C. § 829.

Defendant moves to dismiss the complaint. He argues that any liability on his part under § 829 must turn on the application of 21 C.F.R. § 1306.04, an administrative regulation promulgated by the Attorney General pursuant to authority delegated by Congress in the CSA. Plaintiff first argues the regulation is unconstitutionally vague but cites no decision so holding. As the Court indicated to counsel at the August 20, 2025, case management conference, the former Fifth Circuit decision in *United States v. Hayes*, 595 F.2d 258, 260-61 & n.6 (5th Cir. 1979), upheld the regulation Defendant challenges here and rejected the same vagueness argument. Defendant's counsel offered no argument why *Hayes* is not controlling and acknowledged that any relief on this issue would likely have to come from the Court of Appeals. The Court therefore rejects this ground for dismissal.

Defendant next argues that the regulation is the product of an unconstitutional delegation of legislative power. Once again, however, he cites no authority holding that is so. The Court notes also that the Ninth Circuit recently held in *United States v. Keller*, 142 F.4th 645 (9th Cir. 2025), that the CSA's delegation of authority to the Attorney General to promulgate this regulation meets the constitutional requirements for delegation, and it further held that the regulation was within that delegated authority. The Court therefore rejects this ground for dismissal as well. As with Defendant's unconstitutional vagueness argument, any relief on this ground will have to come from the Court of Appeals.

Based on the foregoing, it is hereby

**ORDERED**, **ADJUDGED**, and **DECREED:**

1) "Defendant's Motion to Dismiss the Complaint" (Doc. 53) is **DENIED**.

2) Defendant is directed to file his answer to the complaint on or before September 9, 2025.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 26th day of August, 2025.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE