**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                         Case No. 8:22-cv-1725-TPB-AEP

NATHANIEL ESALOMI

      Defendant.

_____/

## STIPULATED CONSENT JUDGMENT AND PERMANENT INJUNCTION

THIS MATTER comes before the Court upon the United States' Complaint for Permanent Injunction and Civil Penalties ("Complaint") under the Controlled Substances Act, 21 U.S.C. § 801 et seq., against Defendant Nathaniel Esalomi (Doc. 1).

To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation, the United States and Defendant stipulated to a permanent injunction on the terms described below. This stipulation is not an admission of liability by Defendant nor a concession by the United States that its claims are not well founded.

NOW, THEREFORE, without adjudication or admission of any issue of fact or law, and with the consent of the parties, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1.    This Court has jurisdiction over the subject matter of this action pursuant to 21 U.S.C. §§ 842(c)(1)(a), 843(f)(1), and 882(a), as well as 28 U.S.C.

1

§§ 1331, 1345, 1355, and 1367(a).  For purposes of this Order, Defendant consents to this Court's jurisdiction over this Order and over Defendant.

2.    Venue is proper in this District under 21 U.S.C. § 842(c)(1)(A) and 843(f)(2), as well as 28 U.S.C. §§ 1391(b) and (c), and 1395(a).  For purposes of this Order, Defendant consents to venue in this judicial district.

3.    For purposes of this Order, Defendant agrees that the Complaint states claims upon which relief can be granted pursuant to the Controlled Substances Act, 21 U.S.C. §§ 829 (a) and (b), 842(a)(1), 842(c)(1)(A), and 856.  The Complaint alleges that:

(a)    Defendant knowingly distributed or dispensed controlled substances pursuant to prescriptions that were issued without a legitimate medical purpose and outside the usual course of professional practice in violation of 21 U.S.C. §§ 829(a) and (b), 842(a)(1), and 21 C.F.R. § 1306.04; and distributed controlled substances while acting outside the usual course of the professional practice of pharmacy in violation of 21 U.S.C. § 842(a)(1) and 21 C.F.R. § 1306.06, and that as a result Defendant should be enjoined; and

(b)    Defendant knowingly used, managed, or controlled the premises located at 10343 State Road 52, Hudson, Florida for the purpose of operating Apexx Pharmacy to, in part, unlawfully distribute controlled substances, in violation of 21 U.S.C. § 856 and that as a result Defendant should be enjoined.

4.    The parties recognize, and the Court by entry of this Order finds, that

2

this Order has been negotiated by the parties, and that this Order is fair, reasonable, and in the public interest.

5.    The United States has conducted an analysis of the Defendant's financial condition based on the Defendant's sworn financial disclosures to the United States ("Financial Disclosures") and determined that the potential amount recoverable by the United States for the conduct alleged in the Complaint substantially exceeds the Defendant's ability to pay.  The United States enters this stipulation in reliance on Defendant's Financial Disclosures, which Defendant warrants to be a true and complete statement of all his income and assets, real and personal, whether held in his name or by another.  The Parties agree that this Consent Judgment, and the suspension of the civil penalty entered in paragraph 6 of this Order, is expressly premised on the truthfulness, accuracy, and completeness of Defendant's Financial Disclosures.

6.    The Consent Judgment imposes a civil penalty of $500,000, which is based upon the Defendant's Financial Disclosures. Out of this amount, $490,000 dollars (four hundred and ninety thousand dollars) will be suspended upon Defendant's payment of $10,000 to the United States.  This payment shall be made within one hundred twenty (120) days of the entry of this Order, and shall be in the form of an electronic funds transfer pursuant to written instructions to be provided by the United States.  If within 12 months of the entry of this Order, should the United States learn that Defendant's Financial Disclosures were materially false, with assets more than $50,000 not disclosed, the civil penalty described in this

paragraph will no longer be suspended and shall become immediately payable to the United States.

7.     The civil penalty referenced in paragraph 6 is a debt to the United States as defined in the Federal Debt Collection Procedures Act of 1990, 28 U.S.C.§ 3001-08, and nothing in this order precludes the United States from taking action to collect the debt as authorized by law.  No part of the civil penalty amount is restitution. Defendant shall not seek to discharge any part of this debt in bankruptcy.

8.     Defendant shall never apply for or seek renewal of a controlled-substances registration from DEA, whether as an individual or on behalf of any other corporate entity.

9.     Upon entry of this Order, Defendant, who is trained as a pharmacist, is hereby permanently restrained and enjoined under 21 U.S.C. §§ 843(f) and 882(a) from:

(a)     directly or indirectly administering, dispensing, distributing, or possessing with the intent to distribute, any controlled substance as defined under the Controlled Substances Act.

(b)     Serving as a manager, owner, operator, or pharmacist-in-charge of any entity, including a pharmacy, that administers, dispenses, or distributes controlled substances; and

(c)     Owning, operating, managing, or having an equity interest in (either personally or through an interest in a corporate entity, with the

exception of any private employer stock plan or publicly traded company) any property where controlled substances are administered, dispensed, or distributed; and

(d)    Filling any controlled substance prescription.

10.    In addition, upon entry of this Order, if Defendant is employed by an employer that administers, dispenses, or distributes any controlled substance as defined under the Controlled Substances Act, Defendant shall comply with the following additional terms for a period of three (3) years from the date of this Order ("the Monitoring Period"). By no later than the 10th day of January and the 10th day of July each year during the Monitoring Period, Defendant shall provide to DEA, in writing:

(a)    The name and address of any employer during the previous six-month period (January through June, or July through December) that administers, dispenses, or distributes any controlled substance as defined under the Controlled Substances Act, and

(b)    A certification attesting to the following: "During the previous six-month period, I have complied with the terms of the Consent Judgment and Permanent Injunction entered in Case No. 8:22-cv-1725-TPB-JSS, including notifying the United States of my employer, and have not dispensed any controlled substances pursuant to ¶ 9 of the Consent Judgment and Permanent Injunction."

11.    For purposes of this Order, the terms "administer," "controlled

5

substance," "dispense," and "distribute" are defined as set forth in 21 U.S.C. § 802.

12.     Defendant's obligations pursuant to this Order shall be in addition to, and not in derogation of, all requirements imposed upon Defendant pursuant to all applicable federal, state, and local laws, including without limitation the requirements set forth in Title 21 of the United States Code and the regulations promulgated thereunder.

13.     Defendant represents that Apexx Pharmacy, LLC has been dissolved as a registered entity in the State of Florida.

14.     All notifications, correspondence, and communications required to be sent to the Government by the terms of this Order shall be addressed to the Drug Enforcement Administration, Tampa District Office, 4950 West Kennedy Boulevard, Suite 400, Tampa, FL, 33609, attn.: Diversion Group Supervisor; United States Attorney's Office for the Middle District of Florida, 400 N. Tampa St. Suite 3200, attn: ACE Coordinator; and Civil Division, Enforcement & Affirmative Litigation Branch, 450 5th Street, NW, Washington, DC 20001, attn: Opioid Coordinator.  All communications and shall reference the case name and civil action number.

15.     The parties may, at any time, agree to reasonably extend any deadline provided in this order without seeking leave of the Court.  Any such agreement shall not become effective unless and until such agreement is set out in writing and signed by counsel for both sides.

16.     This Order resolves only those claims set forth in the Complaint and

does not affect any other civil, criminal, or administrative claims that the United States may have or bring against Defendant.

17.    In any criminal prosecution or administrative action that may be brought by the United States against Defendant relating to the conduct alleged in the Complaint, Defendant waives and shall not assert any defense based in whole or in part on a contention that such prosecution or action is barred under the Double Jeopardy Clause of the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution.

18.    Should Plaintiff bring, and prevail in, a contempt action to enforce the terms of this Order, the Defendant in contempt shall, in addition to other remedies, reimburse Plaintiff for its attorneys' fees and costs, travel expenses incurred by attorneys and witnesses, and court costs relating to such contempt proceedings.

19.    Each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Order.

20.    Defendant represents that he freely and voluntarily enters into this Order without any degree of duress or compulsion.

21.    The undersigned counsel represent and warrant that they are fully authorized to execute this Order on behalf of the persons and entities indicated below.

22.    This Order states the complete understanding and agreement of the parties as to the Complaint and shall be interpreted by the Court within its four

7

corners, without consideration of any alleged collateral agreements.  Any changes or modifications to the Order must be in writing and signed by all parties and entered by the Court, with the exception of any extension granted in writing pursuant to paragraph 15.

23.    This Court retains jurisdiction over this action and the parties thereto for the purpose of enforcing and modifying this Order and for the purpose of granting such additional relief as may be necessary or appropriate.

24.    If any deadline in this Order falls on a weekend or federal holiday, the deadline is continued until the next business day.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 8th day of December, 2025.

TOM BARBER
UNITED STATES DISTRICT JUDGE